UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CV 02861**

**Amended Complaint**

Ozan Williams 13A17cell
09-09 HAZEN St E. Elmhurst
N.Y 11370

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

DANIEL FLynn and his
Partner J Brooks Roberts and
STATEN Island mall video
agency Daniel Flynn the
Department he work for
120 pct Supreme Court of STATEN
Island County of Richmond Detective
McNally Maria Guastella and
the investigator Borowide 60
Bay Street S.I 10301

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☐ Yes ☐ No
(check one)

FILED
U.S. DISTRICT COURT
S.D. OF N.Y.
12 APR 11 P 3 36

RECEIVED
JUL 31 2012
PRO SE OFFICE

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name OZAN Williams
ID # 541-11-00138
Current Institution C.P.S.U
Address 09-09 HAZEN St East
Elmhurst N.Y 11370

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/12

List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

240

Defendant No. 1   Name DAN.EL FLynn   Shield # 917673
Where Currently Employed STATEN Island N.y 9 Metrotech
Address Fire Marshal Center Brooklyn
N.Y. 11201-3857 and the Department

*Rev. 05/2010*

1

Defendant No. 2    Name Roberts J Brooks    Shield #_____
Where Currently Employed Fire Marshal AKA S.I mall
Address Agency 2655 Richmond AVE
STATEN Island N.Y

Defendant No. 3    Name STATEN Island Mail    Shield #_____
Where Currently Employed Agency
Address 2655 Richmond AVE
STATEN Island N.Y

Defendant No. 4    Name Daniel M. Donovan, JR
Supreme court of S.I    Shield #_____
Where Currently Employed The State of new york court
Address 130 Stuyvesant Place
STATEN Island N.Y 10301

Defendant No. 5    Name Detective McNally and 120 pre Shield #_____
Where Currently Employed 120 precinct
Address 78 Richmond Terr
S.I N.Y 10301

6    Maria guastella and her investigator
88 New Dorp Plaza. suite 210
STATEN Island N.Y 10306

**II.    Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
In the staten Island mail. my I
identity was giving to a person for no reason

B.    Where in the institution did the events giving rise to your claim(s) occur?
when my identity was illegally give
to the fire marshal for no reason

C.    What date and approximate time did the events giving rise to your claim(s) occur?
on November 19, 2010 about 4or 5
p.m

D.   Facts: I was arrest for a robbery and Kidnapping from the fire marshal who said he wanted to question me about a fire. I didn't know anything about a fire, so now they start asking me about a Robbery and a Kidnapping. I didn't know anything about either.

**What happened to you?**

**Who did what?**

that either so I'am asking him who give him the icard for my arrest he not telling me

It was said that they was making out this person who got me locked up and the ~~perso~~ fire marshal who locked me up

**Was anyone else involved?**

The 120 precint had no right to give a fire marshal a warrant for a crime that had nothing to do with a fire.

**Who else saw what happened?**

My parole officer ms Huff from 146 bay St Staten Island N.Y know the icard is not known who issue it.

---

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. My mind is all massed up I lost not only my freedom but my job, my schooling, where I was staying, everything I had and love is gone I take sight medication my family had giving up on me I'am faceing the rest of my life in jail for a crme that never happen

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✗   No ✓

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____     No _____     Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____     No _____     Do Not Know _____

If YES, which claim(s)? _____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____     No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____     No _____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.  Which claim(s) in this complaint did you grieve? _____

_____

2.  What was the result, if any? _____

_____

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____

_____

_____

_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any:_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____

_____

_____

_____

_____

**Note:** You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I want the situation to get a full investigation on my whole situation how the fire marshal knew that Ms. vann had a warrant for her arrest but he still let her come pick my property up from the precinct how is all these laws is being broken and nothing is being done? He also shouldn't testify on anybody for a situation he didn't see his self that useing his authority in the wrong way.

_____

_____

_____

_____

VI.   **Previous lawsuits:**

| On these claims | A. | Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? |
|---|---|---|

Yes ____ No ✓

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.   Court (if federal court, name the district; if state court, name the county) _____
_____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case _____

    5.   Approximate date of filing lawsuit _____

    6.   Is the case still pending?  Yes _____  No _____

        If NO, give the approximate date of disposition _____

    7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in   your   favor?   Was   the   case   appealed?)   _____
_____
_____

**On other claims**

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes _____  No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

    2.   Court (if federal court, name the district; if state court, name the county) _____
_____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case _____

    5.   Approximate date of filing lawsuit _____

    6.   Is the case still pending?  Yes _____  No _____

        If NO, give the approximate date of disposition _____

    7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

*Rev. 05/2010*                                                           6

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **3** day of **April**, 20**12**.

20 day of July 2012

Signature of Plaintiff    _Ozan William_    _Ozan William_

Inmate Number    541-11-00138

Institution Address    09-09 HAZEN ST

E. Elmhurst

N-Y 11370

**Note:**    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

20 day of July 2012

I declare under penalty of perjury that on this **3** day of **April**, 20 **12**, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _Ozan William_

_Ozan Williams_

# PROCESS RECEIPT AND RETURN

U.S. Department of Justice
United States Marshals Service

*See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| OZAN Williams | 12 C.I.V. 2861 |

| DEFENDANT   Fire marshal | TYPE OF PROCESS |
|---|---|
| DANIEL FlYnn   shield # 240   Brooklyn, N.Y | Summons and complaint |

| SERVE | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ► | Roberts J. Brooks   STATEN Island mall   agency |

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

AT   STATEN Island   mall, Fire Marshal 917673

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

OZAN Williams 541-11-00138
09-09 HAZEN ST
East Elmhurst N.y
11370

Number of process to be served with this Form - 285

Number of parties to be served in this case    6

Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service*):

DANIEL FlYnn work fo BUREAU of fire investigation
FDNY 9 metrotech center, Brooklyn, N.Y 11201
Bfi Job Number 50303 2010 BKY

| Signature of Attorney or other Originator requesting service on behalf of: | ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Ozan Williams | | (718)464-9668 | |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin   No. ___ | District to Serve   No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (*complete only if different than shown above*) | | Date of Service | Time | am / pm |
| | | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges (*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) (Instructions Rev. 12/08) |
|---|---|---|

**PROCESS RECEIPT AND RETURN**

U.S. Department of Justice
United States Marshals Service

See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ozan Williams | 12 CIV. 2861 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Fire marshal DANIEL Flynn shield #240 Brooklyn N.Y | Summons and complaint |

SERVE { NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Roberts J. Brooks   STATEN Island mall   agency

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

AT   STATEN Island mall, Fire Marshal 917673

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Ozan Williams 541-11-00138
09-09 HAZEN ST
East Elmhurst N.Y
11370

| | |
|---|---|
| Number of process to be served with this Form - 285 | |
| Number of parties to be served in this case | 6 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses*, All Telephone Numbers, and Estimated Times Available For Service):

DANIEL Flynn work fo BUREAU of fire investigation
FDNY 9 metrotech Center, Brooklyn, N.Y 11201
Bfi Job Number 50303 2010 BKY

Signature of Attorney or other Originator requesting service on behalf of:

Ozan Williams

☑ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER (718) 464-9668   DATE

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (*complete only if different than shown above*) | Date of Service | Time | am / pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges (*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | 1. **CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) (Instructions Rev. 12/08) |
|---|---|---|

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ozan Williams | 12 CIV. 2861 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Fire marshal DANIEL Flynn shield #240 Brooklyn N.Y | Summons and complaint |

SERVE { NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

➤ Roberts J. Brooks      STATEN Island mall agency

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

AT { STATEN Island mall, Fire Marshal 917673

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| Ozan Williams 541-11-00138 <br> 09-09 HAZEN ST <br> East Elmhurst N.Y <br> 11370 | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case  6 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service)*:
Fold

DANIEL Flynn work fo BUREAU of fire investigation FDNY 9 metrotech center, Brooklyn, N.y 11201 BFI Job Number 50303 2010 BKY

Signature of Attorney or other Originator requesting service on behalf of:

*Ozan Williams*

☑ PLAINTIFF
☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| (718)464-9668 | |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ____ | District to Serve No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

| | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

Address *(complete only if different than shown above)*

| | Date of Service | Time | am |
|---|---|---|---|
| | | | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| | |
|---|---|
| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) <br> (Instructions Rev. 12/08) |

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

Ozan Williams
*Plaintiff*

Civil Action No.: **12 CIV. 2861 (KBF)**
**JUDGE FORREST**

v.

Daniel Flynn; Staten Island Mall Video Agency;
J. Brooks Roberts, a/k/a Roberts J. Brooks;
*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Defendant(s) shall reply (answer or move) to this complaint within the time set forth on this summons. Prison Litigation Reform Act § (2)(g)(2).
SO ORDERED.

A lawsuit has been filed against you.

*Loretta A. Preska*
LORETTA A. PRESKA
CHIEF JUDGE

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or *(3)* you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff(s) attorney, whose name and address are:

**PRO SE: OZAN WILLIAMS**
**ID # 541-11-00138**
**G.R.V.C.**
**09-09 HAZEN STREET**
**EAST ELMHURST, NEW YORK 11370**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**RUBY KRAJICK**
CLERK OF COURT

Date: JUN 2 0 2012

Signature of Clerk of Deputy Clerk

**CERTIFIED I.F.P.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Ozan Williams,

                Plaintiff/Petitioner(s),

    -against-

Daniel Flynn, et al.,

                Defendant/Respondent(s).

--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 13, 2012
```

ORDER GRANTING IFP APPLICATION

  12   Civ. 2861     (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

Leave to proceed in this Court without payment of fees is authorized.  28 U.S.C. § 1915.

SO ORDERED:

_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge

Dated:  June 13, 2012
       New York, New York

A TRUE COPY
RUBY J. KRAJICK, CLERK

BY _____
      Deputy Clerk

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF RICHMOND - CRIMINAL TERM - PART 12
-----------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

               -against-

OZAN WILLIAMS

                           DEFENDANT.
-----------------------------------------------X

Hearing
Indict. No. 136-2011        18 Richmond Terrace
                         Staten Island, New York
                         October  6, 2011

B E F O R E:

    HONORABLE ROBERT J. COLLINI
    Justice of the Supreme Court

A P P E A R A N C E S:

        OFFICE OF DANIEL M. DONOVAN, JR.
        DISTRICT ATTORNEY
            Attorney for the People
        BY:  JOSEB GIM, ESQ.
            Assistant District Attorney


        BY:  MARIA GUASTELLA, ESQ.
            Attorney for the Defendant


            ANGELA PUNTORNO
            SENIOR COURT REPORTER

Flynn-People-Direct

THE CLERK:  Calendar number one, indictment 58 of 2011, Ozan Williams.

Counsel, place your appearance on the record.

MS. GUASTELLA:  Maria Guastella on behalf of Mr. Williams.  Good afternoon, your Honor.

MR. GIM:  Joe Gim for the People.

THE COURT:  This case is on for hearing, are the People ready?

MR. GIM:  Yes, we are Judge.  My witness is en route.

THE COURT:  Counsel.

MS. GUASTELLA:  Judge, I am ready as long as we are able to complete the hearing by 1:00.

THE COURT:  This case was sent here for a Wade hearing; is that correct?

MR. GIM:  Yes, Judge.  There was a photo array conducted.

THE COURT:  And that's the subject of the Wade hearing?

MR. GIM:  Yes, your Honor.

THE COURT:  And that's it, right?

MR. GIM:  That's all.

THE COURT:  Could you text your officer and find out where he is or she?

MR. GIM:  Yes, I will.

AP

Flynn-People-Direct

(Pause in the proceeding).

MR. GIM: He is on Bay Street. He is estimating eight minutes.

THE COURT: Eight minutes, all right. You got eight minutes.

(Pause in the proceeding).

THE COURT: Is there an offer in this case?

MR. GIM: There is Judge, five years.

THE COURT: Speak to him.

(Whereupon, the defendant and his attorney confer.)

MS. GUASTELLA: Just for the record I did relay the five year offer for my client and also asked if he needed additional time to think about it. And he tells me he does not need further time and does not want the offer.

I explained to him by letter and in person that he is a discretionary persistent.

THE COURT: Which means?

MS. GUASTELLA: Potential life sentence.

THE COURT: I understand what it means, does he?

MS. GUASTELLA: Yes.

THE COURT: You face the possibility of life in prison; do you understand that?

THE DEFENDANT: Yes.

AP

4

Flynn-People-Direct

THE COURT:  Today the District Attorney's Office offered you five years in state prison.  You should understand were you to go to trial and lose, with respect to the top count the minimum I can sentence you to is ten years.  The five year offer today if you are not interested in that is fine with the Court but I just want you to understand something, it will never be offered again.  I am keeping this case and it will never be an acceptable offer.  After today you'll never see five years as an offer again.

Also, just to reiterate, the minimum that you can get after trial if you lose with respect to the top count is ten years.

Are you ready to proceed?

MR. GIM:  No.

THE COURT:  All right, second call.

(Pause in the proceeding.)

THE CLERK:  Back on the record.

THE COURT:  Call your first witness.

MR. GIM:  At this time the People call Fire Marshal Daniel Flynn.

THE CLERK:  Raise your right hand and remain standing.

F I R E   M A R S H A L   D A N I E L   F L Y N N a witness called on behalf of the People, having been duly

AP

5

Flynn-People-Direct

sworn by the clerk of the court, took the witness stand and was examined and testified as follows:

THE CLERK: Please be seated.

State your name in a loud, clear voice for the record. Nice loud voice.

THE WITNESS: Fire Marshal Daniel Flynn.

THE CLERK: Shield number?

THE WITNESS: 240.

THE COURT: Command.

THE WITNESS: BFI, Bureau of Fire Investigation.

THE COURT: Counsel.

DIRECT-EXAMINATION

BY MR. GIM:

Q. How long have you employed by the fire department?

A. Approximately six years.

Q. And in your current capacity, how long have you been an investigator?

A. Approximately two and a half years.

Q. Have you ever worked with a photo array before?

A. Yes.

Q. Can you describe what a photo array is for the Court?

THE COURT: I can't hear. Ask the question again, please.

Q. Can you describe what a photo array is?

A. It's a computer program through the N.Y.P.D. that

AP

Flynn-People-Direct

generates six photos.

THE COURT: Ask the question again.

Can you describe what a photo array is?

THE WITNESS: It's six photos without names of similar looking individuals.

Q. And there is usually a target in the photo array that's made?

A. Yes.

Q. Were you working on January 5, 2011?

A. Yes.

Q. Were you investigating any particular case?

A. Yes.

Q. What type of case were you investigating?

A. It was a robbery/kidnapping case.

Q. And did you meet with any witnesses on that day?

A. I did.

Q. Where did you go to meet with the witness?

A. The housing project on Richmond Terrace.

Q. That's in Staten Island?

A. Yes.

THE COURT: Just curious, do fire marshals generally investigate robberies and kidnappings?

THE WITNESS: Not generally.

THE COURT: How did you get involved?

THE WITNESS: There was a fire at the location

AP

Flynn-People-Direct

THE COURT: At what location?

THE WITNESS: At the location where this crime occurred.

THE COURT: So, because you were investigating a fire you also investigated the robbery and the kidnapping which were corollary to the fire?

THE WITNESS: We are police officers in New York State --

THE COURT: I am just asking how a fire marshal would get involved, not how you have jurisdiction.

THE WITNESS: During the investigation of the fire that was brought --

THE COURT: This was a continuation of that investigation?

THE WITNESS: Yes.

Q. And when you initially started the investigation to the fire, was there some concern that this case may be related to that fire?

A. In the beginning there was.

Q. Then you continued the investigation after the fact once you found out they were related?

A. Yes.

Q. On January 5, 2011, you met with a witness in the vicinity of Richmond Terrace in Staten Island? You had a conversation with that individual, correct?

AP

Flynn-People-Direct

A.    Yes.

Q.    And during that conversation did you show him anything?

A.    Yes.

Q.    What did you show him?

A.    I showed him the photo array.

Q.    Who was the target of that photo array?

A.    Mr. Ozan Williams.

Q.    Do you see Mr. Ozan Williams in the courtroom?

A.    Yes.

Q.    Can you please point to him and indicate an article of clothing he is wearing?

A.    Orange jumpsuit (indicating).

MR. GIM:   Indicating the defendant.

THE COURT:   Indicating the defendant.

Q.    There was a photo array done and it contained a picture of the defendant?

A.    Yes.

Q.    There were other photos of other individuals?

A.    Yes.

Q.    What were the characteristics of the other individuals?

A.    Black males, same age as Mr. Williams.

THE COURT:   Did you prepare the photo array?

THE WITNESS:   Yes.

AP

Flynn-People-Direct

THE COURT:   You want to ask about that.

Q.   Did you do the photo array yourself or were you with N.Y.P.D. officers?

A.   I was with N.Y.P.D. as we prepared it.

Q.   They printed out a series of images; is that correct?

A.   Yes.

Q.   You took that sheet and showed it to this witness?

A.   Yes.

Q.   When you showed the sheet to the witness what, if anything, did you ask him?

A.   When I showed him the sheet I asked if he recognized anybody in the photo array.

Q.   And what did he say?

A.   He said he did.

Q.   Who did he say was the person that he recognized?

A.   He recognized photo number one.

Q.   Did you make any markings on the photo array?

A.   Yes.

Q.   What type of markings did you have him do?

A.   He circled the photo that he recognized.

Q.   Did he also make some other writings?

A.   Yes.

Q.   Such as?

A.   How he recognized the individual in the photo that he recognized.

AP

Flynn-People-Direct

Q.   Did he sign this?

A.   Yes.

Q.   I am going to show you what I ask be deem marked People's Exhibit 1 for the purpose of this hearing for identification.

Do you recognize this?

A.   Yes.

Q.   What do you recognize it to be?

A.   The photo array I showed to the witness on that day.

Q.   Now, is this the original or a photocopy?

A.   It's the original.

Q.   Certain portions are covered up; is that correct?

A.   Yes.

Q.   Is it altered in any way from the time it was executed on January 5, 2011?

A.   No.

MR. GIM:  I ask that this be moved into evidence, your Honor.

THE COURT:  Counsel?

MS. GUASTELLA:  It's your testimony you showed the witness the picture of Mr. Williams when the picture was already circled?

THE WITNESS:  No.

MS. GUASTELLA:  How was that done?

THE WITNESS:  I asked the witness if he

AP

Flynn-People-Direct

recognized anybody in the array. He told me he recognized number one and I asked him to circle.

MS. GUASTELLA: No objection.

THE COURT: So moved deem marked People's 1 in evidence for purposes of the hearing.

(Whereupon, a photo array was deemed marked People's 1 for identification.)

Q. To clarify, when you showed him what's in evidence as People's Exhibit 1, were there any handwritten markings on that sheet at the time?

A. No.

Q. So, all the handwritten markings occurred after you had spoken to him?

A. Yes.

Q. Now --

THE COURT: One second. Now, there is a good portion of that that has been covered with either paper or tape, et cetera, was that covered for a particular reason?

THE WITNESS: It wasn't covered at the time I showed him.

THE COURT: Is it covered for a particular reason now?

THE WITNESS: The witness' name I believe --

THE COURT: Because it contains information of a

AP

Flynn-People-Cross

sensitive nature that you didn't want to reveal at this time?

THE WITNESS:  Yes.

THE COURT:  Counsel?

MR. GIM:  I have no further questions.

THE COURT:  All right.  How was this prepared, do you know?

THE WITNESS:  It's through a computer program the N.Y.P.D. has.

THE COURT:  Do you know what the program is called?

THE WITNESS:  I do not.

THE COURT:  Go ahead.

CROSS EXAMINATION

BY MS. GUASTELLA:

Q.   What paperwork did you fill out in connection with this case?

A.   Several interviews with witnesses as well as the victim arrest reports.

Q.   Did you actually interview the victim?

A.   Yes.

Q.   That's Ms. Harrell.

A.   Excuse me.

MR. GIM:  Objection, that's outside the scope of the hearing.

AP

Flynn-People-Cross

THE COURT:  Sustained.

Q.   Did you make any handwritten notes in a memobook --

A.   In reference to --

Q.   -- in connection with this case?

A.   Yes.

Q.   Do you have those notes with you?

A.   Um --

MR. GIM:  Objection to the scope of the questioning.  I believe this is a Wade hearing.

THE COURT:  Are you asking about notes specifically relating to the photo array?

MS. GUASTELLA:  Yes.

A.   No, I did not.

Q.   When you interviewed witnesses, did you write down the descriptions of the alleged perpetrators?

MR. GIM:  Objection.  Outside the scope of the hearing.

Q.   Well, you had to prepare a photo array?

A.   Yes.

Q.   You based that on a name of a person or a description of a person?

MR. GIM:  Objection.  Outside the scope of the hearing.

THE COURT:  Sustained.

Did you actually prepare the photo array?

AP

14

Flynn-People-Cross

THE WITNESS:  No, not physically myself.

THE COURT:  Were you there?

THE WITNESS:  I was there at the time.

THE COURT:  You watched the police officers prepare this?

THE WITNESS:  Yes.

THE COURT:  They used the photo array computer management system from the N.Y.P.D.?

THE WITNESS:  Yes.

THE COURT:  Are you familiar with that system?

THE WITNESS:  I've used it previously a couple of times.

THE COURT:  You personally?

THE WITNESS:  No, I never prepared it myself.

THE COURT:  So, you never actually used the system itself?

THE WITNESS:  No.

THE COURT:  So, you don't know how the system works to the extent you never put data in and stuff like that?

THE WITNESS:  No, I've never done it myself.

THE COURT:  You are there with some police officers who had similar information to the information you had, they put it in the computer and prepared the photo array?

AP

Flynn-People-Cross

THE WITNESS: Yes.

THE COURT: Go ahead, counsel.

Q. Do you know who was with you detective-wise or police officer-wise?

A. I do. I can't recall his name right now.

Q. Do you recall what factors -- what items are put in the machine?

A. I am sorry, it was Detective McNalley from the 120.

Q. And do you recall what he put into the machine to develop the photo array?

A. I do not.

Q. You don't know if he put in height, weight?

A. I don't know.

Q. Race?

A. I don't know.

MS. GUASTELLA: Judge, I don't believe the People are ready to go forward at this time with this kind hearing. The fire marshal that is here has no knowledge of the photo array.

THE COURT: We are doing cross examination of the fire marshal. At some point if you want to make an argument, I will hear you.

Q. Any other officers present while you guys were doing the photo array?

A. My partner was with me.

AP

Flynn-People-Cross

Q.    Who is that?

A.    Fire Marshal Kanelopoulos.

Q.    And other than Detective McNalley, any other N.Y.P.D. detectives or police officers present?

A.    There were other police officers present but I don't know their names.

Q.    So, you don't know what factors were put into the machine, correct?

A.    I don't.

Q.    And at some point they hand you a photo array and do you go speak to the witness?

A.    They asked me to speak to the witness.

Q.    Right, who asked you to speak to this particular witness at Richmond Terrace?

MR. GIM:  Objection.

THE COURT:  Sustained.

Q.    Prior to going out, did you know who you were going to meet with?

MR. GIM:  Objection.

MS. GUASTELLA:  I am not asking for the name, I am just asking if he knew where he was going.

THE COURT:  Did you know where you were going?

THE WITNESS:  Yes.

Q.    Did you go out with N.Y.P.D. or yourself and your partner?

AP

17

Flynn-People-Cross

A.   Myself and my partner.

Q.   Did you review any police reports prior to going out?

A.   Police reports, no.

Q.   The person that was arrested for the fire was not Mr. Williams, right?

A.   No.

Q.   The person that was arrested for the fire, is that the same person that identified Mr. Williams in the photo array?

          MR. GIM:  Objection.

          THE COURT:  Sustained to the extent that information has been safeguarded.

Q.   The information that you had was given to you by N.Y.P.D. or you gathered the information yourself -- withdrawn.

     The information about the crime, where did you get that information from your own investigation?

          MR. GIM:  Objection.

          THE COURT:  Outside the scope of the hearing.

Q.   Where did this alleged crime take place, if you know?

          MR. GIM:  Objection.

          THE COURT:  You can answer that.

A.   Where?

Q.   Right.

A.   On Westervelt.

Q.   Outside or inside?

A.   Inside.

AP

18

Flynn-People-Cross

Q.    Inside the building or inside an apartment?

A.    Inside.

Q.    Inside where?

A.    What do you mean?

Q.    In the building, in the lobby, in the stairwell, in the apartment, where did the alleged crime take place?

MR. GIM:  Objection.

THE COURT:  I will allow that.

A.    It's a like a private dwelling.  On the second floor of the building.

Q.    In an apartment?

A.    Yes.

Q.    In the course of your investigation, did you ever learn if this witness that picked out Mr. Williams in the photographic line-up was ever in that apartment?

MR. GIM:  Objection.

THE COURT:  Sustained.  It's outside the scope of the hearing.

Q.    Did the individual identifying the person out of the photo array, did he give you a description of Mr. Williams prior to picking Mr. Williams out?

MR. GIM:  Objection.

THE COURT:  Overruled.

A.    No, he didn't.

Q.    So, prior to bringing in the photo array you never

AP

19

Flynn-People-Cross

interviewed him before that, correct?

A.    No.

Q.    And you said earlier that Mr. Williams was the target. When you say he was the target, by name or description?

MR. GIM:  Objection.

THE COURT:  Sustained.

Q.    When you showed the photographic line-up to this individual, what exactly did you tell him -- withdrawn.

Did you call him before going out to the location?

A.    Did I call the witness?

Q.    Right.

A.    No.

Q.    So, how did you know where to meet them?

MR. GIM:  Objection.

THE COURT:  Sustained.

Q.    Did another detective tell you where to meet this person?

MR. GIM:  Objection.

THE COURT:  Sustained.

Q.    When you met with this individual, what did you say to him?

A.    I asked him if he was -- if he remembered an incident where two men approached him, asked him if -- to give him -- to give them money on behalf of his friend Vickie.  And the men put him on the phone with Vickie and asked them for money.  If

AP

20

Flynn-People-Cross

he remembered that incident at all.

Q.   And what did he say?

MR. GIM:   Objection.

THE COURT:   Sustained.

Q.   And then what did you ask him to do?

A.   I asked him to look at the photo array to see if he can identify any of the men in the photo array as being the men that asked him for money for the victim Vickie.

MS. GUASTELLA:   I have nothing further.

THE COURT:   Counsel?

MR. GIM:   Nothing further, your Honor.

THE COURT:   Thank you, Fire Marshal, you are excused.

THE WITNESS:   Thank you.

(Whereupon, the witness is excused.)

THE COURT:   Call your next witness.

MR. GIM:   I have no further witnesses, Judge.

THE COURT:   Do you have any witnesses?

MS. GUASTELLA:   No.

THE COURT:   I will hear the people.

MR. GIM:   Your Honor --

THE COURT:   You rely on the record?

MR. GIM:   I rely on the record.

THE COURT:   Counsel.

MS. GUASTELLA:   Judge, I am going to ask that the

AP

Proceeding

photo array be suppressed.

The fire marshal who testified here had no knowledge of the information put into the machine; didn't know the description; didn't have a person's name; didn't interview any witnesses; really was standing in a room when everybody else did the work.

I don't believe he is sufficient enough to testify as to the photo array.

MR. GIM: Your Honor, may I respond?

THE COURT: Pardon?

MR. GIM: Short response?

THE COURT: Do you think it's necessary?

MR. GIM: No.

THE COURT: A hearing was conducted. It was a Wade hearing. The subject of the Wade hearing was a photo array shown to a witness by Fire Marshal Daniel Flynn in their effort to go forward to show that the pretrial identification procedure was not unnecessarily suggestive and conducive to irreparable mistaken identification.

The People called one witness, that would be Fire Marshal Daniel Flynn, who works for BFI, Bureau of Fire Investigation. He testified that he has been a firemen who worked for the fire department for six years. For the past two and a half years he has worked as a fire marshal.

On January 5, 2011, he was investigating a

AP

22

Proceeding

robbery and kidnapping pursuant to or corollary to a fire he was investigating. During the course of that investigation he met with a witness who was the subject -- it's my understanding he was the subject of an order so as not to reveal the identity of that witness. In any event, that's what I believe to be the reason the photo array had that information concealed.

In any event, during the course of that conversation the witness showed a photo array to a person that he met with. The photo array was prepared by the New York City Police Department. The person picked the defendant out of the photo array. The defendant was in picture number one.

The witness testified that he was present during the preparation of the photo array but he had no input into its preparation; that it was prepared by the computer photo management system of the New York City Police Department; that it was detectives who input the information during preparation of the photo array.

That's my findings of facts. I also should reiterate that I found Fire Marshal Daniel Flynn to be credible in all respects.

My conclusions of law are as follows:

The test for determining whether a pretrial identification procedure was unfair or so unfair as to be

AP

23

Proceeding

violative of due process is whether the confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification that would, in fact, deny the defendant his due process.

There are a lot of cases that support that proposition, People v Logan, 25 NY2d 184, cert denied 396 U.S. 1020.

Stovall v Denno, it's S-T-O-V-A-L-L  D-E-N-N-O, at 388 U.S. 293.

In the case of a photo array, the general rule is whether the photo array has a characteristic in one of pictures that would draw the viewer's attention to that picture, indicating that the police had made a particular selection.  Were that to be the case, the photo array itself would be deemed to be suggestive.

I want to cite People v Mack at 243 A.D.2d 731, a 2d Department 1997 case with leave denied, 92 NY2d 855, 1998.  Also People v Killlimayer 40 A.D.2d 1118 2d Department case from 2007, with leave denied at 92 NY3d 866, 2007.

In this particular case the filler-photos in the photo array, which was introduced in the photo array, which was introduced into evidence and viewed by the Court, showed the pictures were similar to the defendant's photo.  Any minor differences between them this Court

AP

Proceeding

finds to be insufficient to create a substantial likelihood of misidentification. Neither were there any markings on any of the photos to indicate that law enforcement had made a particular selection. There were no markings to this Court's perception that would have indicated that the police had made an identification in advance nor anything to draw the witness's attention to that particular photo in the array. Therefore, the defendant's application is denied.

When do you want to adjourn this to?

MS. GUASTELLA: I would ask for a date after the election.

THE COURT: What day?

MS. GUASTELLA: The 14th.

THE COURT: How about the 10th? It's right after the election, then we will use that as a control date.

MS. GUASTELLA: That's fine.

THE COURT: All right, the hearings have been done. If there is any additional discovery, Mr. Gim, get it over to counsel before the 10th.

MR. GIM: Before the 10th?

THE COURT: Yes, so this way before the 10th all the discovery will have been completed and we will pick a date for you to try this case.

MR. GIM: Thank you, Judge.

AP

Proceeding

THE COURT: Counsel, do you want the minutes?

MS. GUASTELLA: Yes.

THE COURT: You are asking for 18B to pay for the minutes?

MS. GUASTELLA: Yes.

THE COURT: So ordered.

THE CLERK: Same bail?

THE COURT: Same bail conditions. Thank you both.

MS. GUASTELLA: Will you listen to a bail application at this time?

THE COURT: Why don't we wait until the next time we come back.

MS. GUASTELLA: Thank you.

                    *       *       *

It is hereby certified that the foregoing is a true and accurate transcript of the proceedings.

(Certification valid only when signed in blue ink.)


_____

ANGELA PUNTORNO
SENIOR COURT REPORTER

AP

Proceeding

INDEX TO WITNESSES:

| | Direct | Cross | Red. | Rec. |
|---|---|---|---|---|
| For the People: | | | | |
| Fire Marshal Daniel Flynn | 4 | 12 | | |

For the Defendant:

None

INDEX TO EXHIBITS:

| For the People: | I.D. | Evd. |
|---|---|---|
| 1 Photo array | 10 | 11 |

| For the Defendant: | I.D. | Evd. |
|---|---|---|
| None | | |

AP

Williams, Ozan         DIN # 09A3733       NYSID # 08402300N

1

STATE OF NEW YORK
EXECUTIVE DEPARTMENT
DIVISION OF PAROLE
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
In the Matter of
OZAN WILLIAMS
DIN #    09A3733
NYSID # 8402300N
WARRANT # 625703
INSTITUTION:  BARE HILL C.F.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LOCATION           Rikers Island Judicial Center
East Elmhurst, New York

TYPE OF HEARING     Preliminary Hearing

DATE:             February 4, 2011
BEFORE:          AUDREY CRAWFORD,
HEARING OFFICER
APPEARANCES:       LINDA HUFF,
Parole Officer
Staten Island Area Office

CLAUDIA ROMANO,
Attorney for Parolee
Legal Aid Society

OZAN WILLIAMS, Parolee

HEARING REPORTER:    ROBERT J. POLLACK,
Hearing Reporter

Williams, Ozan                DIN # 09A3733              NYSID # 08402300N

7

come in and pick him up on another investigation.

MS. ROMANO:    But PD can't get around a warrant or a wanted card or anything else by using parole.

P.O. HUFF:    They had a card for him on another situation that occurred, which had nothing to do with parole.

MS. ROMANO:    But it took a week for PD to come get him, or a week for you guys to drop the warrant?

P.O. HUFF:    Yes, it took a week for us to do our investigation.

MS. ROMANO:    Even though you guys are the ones that took him into custody?

P.O. HUFF:    We only held him, yes, for another agency to pick him up.

MS. ROMANO:    When did the other agency pick him up?

P.O. HUFF:    They picked him up from the parole office on January the 19th.

THE HEARING OFFICER:    When he came in on the 19th, parole held him at the request of another agency?

P.O. HUFF:    Correct.  The other agency picked him up.  Then parole put a warrant on him on January 25th of 2011.

MS. ROMANO:    Was a warrant discussed on the 19th?

P.O. HUFF:    We didn't discuss a warrant on the 19th

```
CMSCHRON* * *   NEW YORK STATE DIVISION OF PAROLE  * * *        DATE: 06/22/2011
                        PAROLEE CHRONO REPORT                   PAGE:     4
                   FROM 09/19/2010 THRU 02/01/2011
```

```
   NAME: WILLIAMS,OZAN                            AREA: STATEN ISLAND
   NYSID: 08402300N                           SPO NAME: DELRIO,EDWARD
   DIN: 09A3733                                 PO NAME: REID,AMELIA
```

DATE        TIME    TYPE                        ACTIVITY        LOCATION

ENTERED BY: ZWARYCZUK,JOHN
AREA: STATEN ISLAND  SPO NAME: KISSEL,JOHN S        PO NAME: HUFF,LINDA
01/19/2011 12:00PM OTHER WORK               LAW ENFORCEMENT
FIREMARSHALL FLYNN , WITH HIS PARTNER J BROOKS ROBERTS , CAME TO OUR OFFICE...
A WANTED CARD WAS FILED AT THE 120PCT....THE COMPLAINANT IN THEIR CASE IS WILL-
ING TO CO-OPERATE WITH PAROLE /THEY DIDN'T POST A WANTED CARD FOR THE SUBJECT'S
ACCOMPLIST , ARTIE SEXTON ,BUT ARE IN A POSITION TO ARREST HIM WHEN AND IF IT'S
SUITABLE IN THEIR CASE....IF SUBJECT REPORTS WE WILL HOLD SUBJECT FOR THE
MARSHALL'S .... CASE CIRCUMSTANCES DISCUSSED WITH A/S FELICIANO , OUR OFFICE IS
TO FULLY INVESTIGATE CIRCUMSTANCES ....AND ASCERTAIN IF CREDIBLE VOP CAN BE
DEVELOPED ....
SPO REVIEW: 02/14/2011
-----------------------------------------------------------------------------
ENTERED BY: ZWARYCZUK,JOHN
AREA: STATEN ISLAND  SPO NAME: KISSEL,JOHN S        PO NAME: HUFF,LINDA
01/19/2011 09:30AM CASE CONFERENCE
FIREMARSHALLS HAVEN'T TAKEN SUBJECT INTO CUSTODY AS OF YET...SUBJECT SCHEDULED
TO REPORT TODAY ...CASE DISCUSSED WITH PO..WHEN SUBJECT REPORTS WE ARE TO QUEST
ION SUBJECT AS TO HIS EXACT/CURRENT RESIDENCE ...TAKE A URINE AND THEN HOLD
HIM FOR MARSHALL FLYNN.;..
SPO REVIEW: 02/14/2011
-----------------------------------------------------------------------------
ENTERED BY: ZWARYCZUK,JOHN
AREA: STATEN ISLAND  SPO NAME: KISSEL,JOHN S        PO NAME: HUFF,LINDA
01/14/2011 09:30AM TELEPHONE TO OTHER       LAW ENFORCEMENT
SPOKE WITH FIRE MARSHALL DANIEL FLYNN....(CELL#917-776-7010) REGARDING THEIR
INVESTIGATION OF SUBJECT AND FIRE AT 42 WESTERVELT AVE. IN NOVEMBER -SUBJECT
HAD ALLEDGEDLY ABDUCTED A WOMAN AND HELD HER HOSTAGE AT THE ADDRESS-HE WAS
WITH AN ACCOMPLIST,PAROLEE ARTIE SEXTON -IT WAS SEXTON WHO TIED THE WOMAN UP-
AND SUBJECT BEAT THE WOMAN , BREAKING HER JAW AND BRANDISHING A HAND GUN...
THE WOMAN , VICKY HARREL , HAD OWED SUBJECT MONEY FOR CRACK HE SOLD TO HER -
THE VICTIM IS CO-OPERATIVE...MARSHALL FLYNN IS PLANNING ON LOOKING FOR SUBJECT
ON MONDAY , IN THE JERSEY STREET AREA..../
SPO REVIEW: 02/14/2011
-----------------------------------------------------------------------------
ENTERED BY: HUFF,LINDA L
AREA: STATEN ISLAND  SPO NAME: KISSEL,JOHN S        PO NAME: HUFF,LINDA
01/11/2011 01:23PM OTHER VISIT W/OTHER      LAW ENFORCEMENT
SUBJECT IS BEING SOUGHT BY THE FIRE MARSHALLS, HE STATED THAT THE SUBJECT ADUCT
ED HER AND HELD HER FOR A PERIOD OF SIX HOURS AND FORCED HER TO THE MALL TO
STEAL FOR HIM AND THEN TIRED HER TO THE CHAIR AND ASSAULTED HER WITH A GUN.
HER FORCED HER TO TAKE OFF ALL OF HER CLOTHING. THIS INCIDENT OCCURRED ON 11-19
-10 AT 12PM AT THE LOCATION OF 42 WESTERVELT AVENUE, STATEN ISLAND, NEW YORK.
OFFICER FLYNN SHIELD 240 718 492 1800 NO EXT BASE.
SPO REVIEW: 02/14/2011
-----------------------------------------------------------------------------
```

Date:                    ServiceCenter L
04/05/12 13:55:3         Print of Problem IM4841044
Operator: te8v3vr        Selection:                              Page: 1
Sequence:

Accident Report, Customer Injury

GAP Inc.
CONFIDENTIAL (For Company Use Only)

General
Originating Time Zone:
Ticket Number:                US/Pacific
Store Number:                 IM4841044
Store Name:                   05839
Division:                     STATEN ISLAND MALL
Region:                       OLD NAVY
District:                     NYC
Zone:                         BROOKLYN
Date/Time of Accident:        EASTERN
Date/Time Reported to Manager: 11/19/10 19:00:00
Type of Incident:             01/01/10 19:05:00
                              Customer Injury

Accident Details:
Summary Of Incident:
11/24/10 12:05:54 US/Pacific (te8v3vr-KELLY, TERESA): CLOSURE
closed
11/19/10 17:20:44 US/Pacific (gapstore):
Victoria Harrell went up to employee and said she was being followed by a
blackman who beat her up . Said he wants to kill her .She ran in the last
fitting room to hide.
Then I went to talk to her and she said she had chest pains and the the man
was after her. I called mall security and 911. Richard Greencame  first and
the the police came fast. Police officer  Moyer badge #28894 from the 122
satlight. She left in a strecher . She did not get hurt here.  An employee
saw the man an said he was wearing a black coat, jeans and a jersey about
6'3'' tall .
Response to Incident:
First Aid Provided:
Emergency Services Called:        Yes
Mall Security Involved:           Yes
Transported to Hospital:          Yes
Customer Refused Treatment:       Yes
Object That May Have Contributed: No
Accident Cause Code:              No Fixture/Object Involved
Need Follow Up From Risk Mgmt:    Unknown
                                  No

Injured Customer
Injured Customer's First Name:
MI:                               Victoria
Last Name:
Customer's Address:               Harrell
Suite/Apartment:                  unknown
City:
State/Province:                   S.I.
ZIP/Postal Code:                  NY
Country:                          99999
Phone Number:                     us
                                  unknown

my lawyer never wanted to put my motion in but you can see the copies I made with a notary.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Richmond : SPECIAL TERM PART (   )

------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

                    Respondent,

     -against-

           Ozan Williams
           Defendant.

: NOTICE OF MOTION
: FOR
: LYPKA HEARING.

: DOCKET NO.#
:X IND. NO.# 58/2011

------------------------------------------X

SIR:

PLEASE TAKE NOTICE, that upon the annexed affidavit of the defendant, WILLIAMS OZAN, sworn to this 23rd Day of JULY, 2011, and upon all the proceedings heretofore had herein, the under-signed will move this Court, at Part    thereof, located at: STUYVESANT PLACE, STATEN ISLAND , New York in the County of Richmond on the      , Day of      19   at 10:00 O'Clock in the forenoon of that day, or as soon thereafter as defendant can be heard for an Order for a LYPKA HEARING, because defendant is c challenging the 'radio run' that caused defendant's seizure, defendant is challenging the police officer's pre-requisite proba-ble cause.

                          Respectfully yours,

East Elmhurst, N.Y. 11370

                                  Pro Se
       I.D. NO.#541-11-00180
          Hazen Street
      East Elmhurst, N.Y. 11370

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Richmond SPECIAL TERM PART (   )

------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                         Respondent,

         -against-

         OZAN Williams
                    Defendant.
------------------------------------X

:   AFFIDAVIT IN SUPPORT
:   OF MOTION FOR A
:   LYFKA HEARING.
:
:
:
:   DOCKET NO.#
:   IND. NO.# 58/2011

STATE OF NEW YORK)
COUNTY OF QUEENS ) ss.:

    Defendant, WILLIAM OZAN being duly sworn, deposes and says on information and belief that he was arrested on the basis of a 'radio run' on the 27, Day of ____, 2011 for the violation of Penal Law

    Defendant challenges the prerequisite probable cause that caused the police response. "See attached Exhibit 'A'" Defendant is asking that this Court order a "LYFKA HEARING" to test the probable cause of said 'radio run'. This hearing must be ordered as a matter of law.

    Following are quotes from People v. LYFKA, cite 366 N.Y.S. 2d 622:

    "Where a bulletin or alert, as result of either inter-state or intra-state police communications and pick-up directives, prima facie furnishes probable cause, a reasonable search is permissible; in such circumstances, the sender's knowledge is imputed to the receiver and when the receiver acts he presumptively possesses requisite probable cause to search, but such presumption may be rebutted.

    Where, on a motion to suppress, a challenge to action or receiver of police bulletin is made, presumption of probable cause that originally cloaked such action disappears from case, and at that point, bare reliance on an unsubstantiated hearsay communication from the instigating officer or department will not suffice for probable cause.

Ultimately, to sustain burden at suppression hearing, the people must demonstrate that sender of information, which result- ed in warrantless search, itself possessed a requisite probable c cause to act."

Therefore, the defendant hope and prays that this Honorable Court will Honor and hear this Motion for a "LYFKA" hearing.

Respectfully yours,

Dated 2 th., Day of 2011 , 20
East Elmhurst, N.Y. 11370

I.D. NO.# 541-11-00178        Pro Se
Hazen Street
East Elmhurst, N.Y. 11370

SWORN TO BEFORE ME ON THIS
23 , DAY OF 2011 , 20

COMMISSIONER OF DEEDS/NOTARY PUBLIC

ERNEST O OMOROGBE
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY  LIC. #01OM6152449
COMM. EXP.

9/4/ 2014

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF Richmond ) ss:


I, OzAN Williams _____, being duly sworn deposes and says:

That I have on the 23 day of July , 2011 , placed and

submitted the original and copies of this motion to be duly mailed via the United States

Postal Service, through the institutional mailroom of the 18-18 HAZEN ST E. Elmhurst

Correctional Facility. Said moving papers were mailed to the following concerned

parties:

District Attorney
Richmond County
130 Stuyvesant Pl
STATEN Island N.y 6301

Supreme Court
Richmond County
_____
_____


Maria R. G , Defense Counsel
_____
_____

Yours, etc...

Op Willi
DEFENDANT

Sworn to before me this
23rd day of July , 20 11 .

_____
OTARY PUBLIC / COMMISSIONER OF DEEDS

ERNEST O OMOROGBE
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY LIC. #01OM6152449
COMM. EXP.
9/11/2014

To: Jonathan David
Records Access Appeals
Officer New York City
Police Department one
Police plaza Room 1406
New York, N.y 10038-1497

I have more
I can send to
you if you will
like.

File # 2011-PL-4816

OzAN Williams
541-11-00138
18-18 HAZEN St
E. Elmhurst N.y
11370.

I'am writing this appeal do to the fact
that I never got the #911 call from the mall that
Victoria Harrell made on 1/19/2010 around 4pm.
This information is free to the public.
I will be very appericate if I can have
access to this call to 911 that day.
And, if how ever not, I would like
to have a clear understanding about the ~~—~~
87-E-I and what's all about?
I will like to have this information
do to the situation I have in court thank
you so sincerely 3/18/11

(#541-11-00138)
OzAN williams

NKECHI IGBO
NOTARY PUBLIC STATE OF NEW YORK
No 01IG6163948
Qualified in Queens County
My Commission Expires April 09, 2015

look at all the
dates I'am gonna
let the fire
marshal take
the stand and
not ask her to
ask about the
911 call?

OZAN Williams 13A-#17Cell
Bc#541-11-00138 C.P.S.u
09-09 HAZEN ST East
Elmhurst    N.Y 11370

RECEIVED
SDNY PRO SE OFFICE
2012 JUL 31 P 3:17

<u>Pro se office</u>
United States District Court
Southern District of New York
500 Pearl Street, Room 230

New York, New York

10007



Case 1:13-cv-00156-WFK-CLP   Document 9   Filed 07/31/12   Page 48 of 48 PageID #: 67